Myrtle Broadhurst ATCHISON et al.,
Plaintiffs in Error,

v.

Edward C. DIETRICH, and A. Francis Porta, Ida M. Hall and Lois Miles, Trustees,
Defendants in Error.

No. 37542.

Supreme Court of Oklahoma.

July 9, 1957.

Eugene O. Monnet, of Monnet, Monnet & Monnet, Tulsa, Rinehart & Rinehart, El Reno, for plaintiffs in error.

Fogg & Fogg, El Reno, for defendant in error, Edward C. Dietrich.

Porta & Weaver, El Reno, for defendants in error, A. Francis Porta, Ida M. Hall and Lois Miles, Trustees.

·PER CURIAM.

This action was initiated by Edward C. Dietrich to secure judgment declaring that ·the class of persons named as remainder-

men in the original deed of trust have no vested interest, and to secure judicial approval of an amendment of the trust changing the remaindermen, without the consent of the persons presently members of the class originally designated to be remaindermen. The trustees, as defendants, answered by admitting the allegations of the plaintiffs' petition, and cross-petitioned against the remaindermen of the original trust instrument to quiet title in the trustees as remaindermen under the terms of the amended trust instrument. Hereinafter, Mr. Dietrich will be referred to as plaintiff; the trustees of the trust, as trustees; and the plaintiffs in error, who are presently members of the class designed to be remaindermen under the original trust instrument, as defendants.

It appears that in 1934, pursuant to the advice and plan of his attorney, plaintiff voluntarily conveyed certain real estate to an individual for the purpose of establishing a trust. This individual thereupon executed the original deed of trust conveying the property to the trustees and stating the provisions of the trust. This deed of trust contained no provisions for subsequent revocation, amendment or alteration of its terms. So far as is material, the trust deed provided that the trustees had full power to manage or sell the trust property; that they were to pay the rents and profits therefrom to the plaintiff during his lifetime; that upon his death, or the death of his surviving wife, the remainder was to be distributed to: "the persons who will then be the heirs at law of * * * (his maternal uncles and aunt) as such heirs may be determined by the law of descent and distribution of the State of Oklahoma in force at that time, * * *". At the time this action was initiated, plaintiff was seventy years old and unmarried. It appears that during the past few years the land failed to produce sufficient rents and profits to provide him a comfortable living and consequently he decided that the land should be sold so that he might use the corpus of the trust for necessary living expenses. However, to protect the trustees,

it was decided that the trust deed should be amended to specifically provide that the corpus of the trust could be used for that purpose. At the same time, plaintiff also concluded that he wished to change the remaindermen. An amendment to the trust instrument was drawn to accomplish the desired results, including the naming of the trustees as the ultimate beneficiaries in remainder. This amendment was without the consent of the defendants. The trial court approved the amendment to the trust and, on the basis thereof, also quieted title in the trustees to the remainder.

■ The proposition · advanced by defendants in their brief, and the only one we will discuss (others not argued being deemed waived, Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261) is that, under the terms of the original trust, they hold a vested interest in remainder, of which they cannot be divested without their consent.

At the time plaintiff established the trust, there were no Oklahoma statutes regulating the revocation, or amendment, of trusts. In 1941, however, our legislature enacted the Trust Act which contained the express provision that "Every trust shall be revocable by the trustor, unless expressly made irrevocable by the terms of the instrument creating the same." Sec. 175.41; 60 O.S. 1951. The Trust Act was likewise declared to be applicable to all trust agreements in so far as its terms did not violate constitutional prohibitions. Sec. 175.53; 60 O.S.1951. No point is made herein regarding the trial court's determination that plaintiff was the actual trustor of this trust and entitled to the benefit of this statute, if it is applicable; and, likewise, it is not contended that the power to revoke would not also include the lesser power to alter, or amend. Thus we see that if this provision of the Trust Act may be applied to this trust, the judgment of the trial court is correct on this ground alone. · Defendants seem to acknowledge the foregoing statutes and their general effect, but they insist that they hold vested rights of remainder that may not be divested by the application of

this statute. We do not believe this premise is tenable.

■ Generally, rights are vested when:

"'* * * the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. They are expectant, when they depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent, when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting.'"

Pearsall v. Great Northern Ry. Co., 161 U.S. 646, 16 S.Ct. 705, 40 L.Ed. 838. Here, the trust deed specifically provided two contingencies precedent to the vesting of the remainder in any particular persons. Those who might be remaindermen could only be ascertained at the time of death of the life beneficiaries and as provided by the statute of descent applicable at that time. The time of vesting of the remainder was stated in futuro, rather than in praesenti. It is possible that the statute of descent might be changed to exclude defendants as heirs. In re Smith's Estate, 188 Okl. 158, 107 P.2d 188; Dunn v. Micco, 10 Cir., 106 F.2d 356. But more important, we stated in Whitten v. Whitten, 203 Okl. 196, 219 P.2d 228, at page 232, "* * * where the instrument creating the remainder expressly shows the intention of the grantor to postpone vesting until the happening of a certain event", the remainder is contingent, or more properly, on condition precedent. See also Adams v. Dugan, 196 Okl. 156, 163 P.2d 227; O'Connor v. Arnold, 155 Okl. 295, 9 P.2d 25; Geiger v. Geer, 395 Ill. 367, 69 N.E.2d 848; Suskin & Berry, Inc., v. Rumley, 4 Cir., 37 F.2d 304, 68 A.L.R. 768. And, as to unascertained persons, see Sec. 152, et seq., Simes & Smith, 2nd Ed., The Law of Future Interests; Sec. 321, Tiffany, 3rd Ed., The Law of Real Property; Sec. 292, Walsh, Law of Real Property.

■ While the statute enacted subsequent to the creation of the trust may not constitutionally operate to the detriment of vested rights (Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486) these remainders on condition precedent to the "then heirs * * * determined by the law of descent * * * in force at that time", not having vested in the constitutional sense in any particular person, are not protected from a revocation of the trust as authorized by the statute. In MacMillan v. Branch Banking & Trust Co., 221 N.C. 352, 20 S.E.2d 276, it was held:

"* * * mere expectancy of future contingent interests * * * do not constitute 'vested rights' such as would deprive the Legislature of the power to enact [the] statute authorizing revocation of a voluntary grant."

The statute is applicable to this trust. Lee v. Albro, 91 Or. 211, 178 P. 784; Bryant v. Hackett, 118 Conn. 233, 171 A. 664; United States v. Nebo Oil Co., Inc., 5 Cir., 190 F.2d 1003; 11 Am.Jur., "Constitutional Law", Sec. 370.

Judgment affirmed.

CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioner J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.