**BONNELL, INC., d/b/a Adult World Bookstore, and 39th Street Book Exchange, Appellants,**

v.

**The BOARD OF ADJUSTMENT OF the CITY OF OKLAHOMA CITY, Appellee.**

**Nos. 69989, 70010.**

Court of Appeals of Oklahoma, Division III.

Dec. 5, 1989.

Rehearing Denied Jan. 2, 1990.

Certiorari Denied May 8, 1990.

J.W. Coyle, III, Oklahoma City, for appellants.

Kenneth D. Jordan, and Daniel T. Brummitt, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, P.J.

Bonnell, Inc., d/b/a Adult World Bookstore (Plaintiff/Appellant) had been operating in the Oklahoma City area since at least 1980. In 1981 the City Council of Oklahoma City adopted amendments to the Oklahoma City Planning and Zoning Code, which for the first time defined and regulated the location of "adult entertainment uses".

Pursuant to § 59–6200.1E(1) of the Oklahoma City Municipal Code, 1980, an "adult entertainment use" must obtain a "conditional use permit" from the director of the Oklahoma City Community Development Department in order to legally operate. To be eligible to obtain a conditional use permit, the adult entertainment use must be able to meet all of the "development regulations for adult entertainment uses" contained in § 59–6200.1E(1)(d) as follows:

(d) Development Regulations for Adult Entertainment Uses. Any person applying for a conditional use permit to locate, remodel, alter, rebuild, or relocate any of the above referenced uses within the City of Oklahoma City must show that said use will comply with the following developmental criteria as well as all others contained within this Article generally:

1. Adult entertainment uses as specified here and above shall be permitted to locate only in the "C–3 community commercial district" (3200.13), the "C–4 general business district" (3200.14) and the "C–CBD central business district" (3200.-15).

2. No conditional use permit shall be granted for any proposed location which is within a one-thousand foot (1,000) radius of any other adult entertainment use as specified herein above.

3. No adult entertainment use shall be allowed to locate within a five-hundred foot (500) radius of any church, public or private school, (type which offers a compulsory educational curriculum) or public or private park. Nor shall any adult entertainment use be allowed within five-hundred feet of any area zoned for residential use.

4. All distances required to be met pursuant to the terms of this section shall begin at the property line of the proposed use and be measured to the nearest property line of the public or private school, park, church, residentially zoned

area or adult entertainment use within the proscribed distance, if any.

The provisions also apply to adult entertainment use businesses in operation prior to February 17, 1981. However, these businesses are granted five years to come into compliance with the ordinance. Section 59–6200.1E(1)(e) contains a five year amortization clause which reads as follows:

(e) Non–Conforming Uses. Any businesses in existence as of February 17, 1981 which is in violation hereof shall be deemed a non-conforming use. Such non-conforming uses shall not in any manner be enlarged, extended, altered or rebuilt except that such uses may be changed so as to comply with the provisions of this ordinance.

Such uses as are deemed non-conforming uses pursuant to the terms of this ordinance shall be permitted to continue until February 18, 1986, unless such use is terminated for any reason whatsoever prior thereto for a period of thirty (30) days or more, thereafter such non-conforming use shall terminate or come into compliance with the terms of this section.

Plaintiff had not been granted a conditional use permit by the City, and furthermore was not eligible for such permit. It is undisputed it could not meet certain of the mandatory development regulations for adult entertainment uses. Thus, in order to continue to legally operate at its present location, Plaintiff needed and applied for a zoning variance to certain of the development regulations for adult entertainment uses.

The Board of Adjustment (the Board) (Defendant/Appellee) received Plaintiff's application for a variance. After hearing the presentation of evidence, the Board denied the requested variance. Plaintiff perfected its appeal in the district court and filed a motion for summary judgment on the basis that § 59–6200.1E(1) is unconstitutional under the First and Fourteenth Amendments to the United States Constitution. The trial court ruled § 59–6200.1E(1) is constitutional and sustained the orders of the Board. Plaintiff appeals this ruling.

■ Plaintiff contends generally the Oklahoma City Adult Entertainment Uses Ordinance (the ordinance) on its face and as applied, constitutes an unlawful prior restraint of first amendment rights, the ordinance is overbroad, fails to provide procedural due process safeguards, and violates the equal protection guarantees of the United States Constitution. More specifically, Plaintiff contends that insofar as the ordinance attempts to prohibit adult entertainment facilities within 500 feet of a church, school, park or residential district, or 1,000 feet of another adult entertainment facility, it is overbroad and violates the First Amendment. However, Plaintiff does not support this last contention with any citation of authority. Matters alleged to be error, presented simply as argument, unsupported by citations of error, will not be considered by this Court on appeal. *Cavett v. Peterson*, 688 P.2d 52 (Okla.1984).

■ Although its argument is not clear, it appears Plaintiff argues the definitions for an "Adult Bookstore", "Specified Anatomical Areas" and/or "Sexual Conduct" in the ordinance are unconstitutionally vague. An ordinance is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is proscribed by the ordinance. *SDJ, Inc. v. City of Houston*, 636 F.Supp. 1359 (S.D.Tex.1986). The ordinance in the instant case is sufficiently clear that a person of ordinary intelligence would understand the conduct proscribed. Moreover, Plaintiff has admitted it is subject to the terms of the ordinance by applying for a variance from its provisions, and stated in its petition that it seeks a variance in order "to continue operating the adult entertainment bookstore." The ordinance is not void for vagueness.

■ Plaintiff further contends the ordinance was specifically passed to suppress dissemination of protected materials. We disagree. The ordinance does not attempt to regulate the content of speech. If the City Council had been concerned with restricting the message purveyed by adult theaters, it would have tried to close them or restrict their number rather than cir-

cumscribe their choice as to location. *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). The ordinance does not ban adult uses altogether, but only imposes locational restrictions. Thus, it is properly analyzed as a "time, place and manner" restriction upon protected speech.

■ The ordinance is not invalid under the First Amendment as a prior restraint on protected communication because of the licensing or zoning requirements. "Though adult films may be exhibited commercially only in licensed theaters, that is also true of all films. That the place where films may be exhibited is regulated does not violate free expression, the city's interest in planning and regulating the use of property for commercial purposes being clearly adequate to support the locational restriction." *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976).

■ Content-neutral time, place and manner restrictions are constitutional as long as they are designed to serve a "substantial government interest," and as long as they do not "unreasonably limit avenues of communication." *City of Renton v. Playtime Theatres, Inc., supra.* The purpose of the ordinance is stated as follows:

It has become apparent that the concentration of adult entertainment uses in the City of Oklahoma City tends to result in the blighting and deterioration of those areas subject to such concentration. Accordingly, it is deemed necessary to regulate such uses in a manner reasonably calculated to prevent the occurrence of such deleterious effects upon surrounding properties.

■ In enacting its Adult Entertainment Uses Ordinance, the City Council was concerned with ameliorating the adverse secondary effects of adult entertainment uses on surrounding land uses and not with suppressing the content of adult entertainment uses. The record supports the Ordinance's stated purpose.

In the instant case, the ordinance is designed to serve a substantial government interest by protecting surrounding land uses from the adverse negative effects caused by adult entertainment uses. Additionally, the ordinance does not unreasonably limit alternative avenues of communication, because the record reveals there are 44 individual locations encompassing approximately 1,100 acres of land which meet all the conditions for the location of an adult entertainment use pursuant to the provisions of § 59–6200.1E(1)(d).

In *Young v. American Mini Theatres, Inc., supra,* Justice Powell, in his concurring opinion, stated "the test for whether a particular ordinance constitutes a 'reasonable' time, place and manner regulation, of protected speech". The test is as follows:

In these circumstances, it is appropriate to analyze the permissibility of Detroit's action under the four part test of *United States v. O'Brien,* [391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968)] (Citation omitted.) Under that test, a governmental regulation is sufficiently justified, despite its incidental impact upon First Amendment interests, "if it is within the constitutional power of the government; if it furthers an important or substantial government interest; if the government interest is unrelated to the suppression of free expression; and if the incidental restriction on ... First Amendment freedoms is no greater than is essential to the furtherance of that interest.

■ First, reasonable regulations of the time, place, and manner of protected speech, where those regulations are necessary to further significant government interests, are permitted by the First Amendment. *Young v. American Mini–Theatres, Inc., supra.* Secondly, this Court has already reasoned that the ordinance furthers an important or substantial government interest. Thirdly, we have likewise discussed that the City Council's interest in controlling the undesirable secondary effects on neighborhoods associated with adult uses is unrelated to the suppression of free expression. Finally, the incidental restriction on First Amendment freedoms is no greater than is essential to the furtherance of the City Council's inter-

est inasmuch as the ordinance leaves ample alternative channels of communication, i.e., some 44 individual locations.

■ Plaintiff contends the intention to suppress protected materials is made plain by the fact the City Council is applying the ordinance to pre-existing businesses. The ordinance contains an amortization provision. Amortization is a valid method of eliminating existing non-conforming uses of land. *S.D.J., Inc. v. City of Houston, supra.* Use of a reasonable amortization scheme is not only a viable, but also an equitable means of reconciliating the conflict of interest between the public and the non-conforming use. *See, City of Los Angeles v. Gage, et al.,* 127 Cal.App.2d 442, 274 P.2d 34 (1954). The amortization provision herein allows one five (5) years to either come into compliance with the ordinance or relocate; it certainly allows a reasonable length of time to do one or the other. Moreover, there are alternative sites for relocation of Plaintiff's business. An ordinance which otherwise has a substantial basis for its passage does not violate due process merely because of the inclusion of an amortization clause. *S.D.J., Inc. v. City of Houston, supra.*

■ For its second proposition of error Plaintiff contends the City of Oklahoma City failed to prove an adequate factual basis for the enactment of the Oklahoma City Adult Entertainment Ordinance, and failed to prove that any meaningful studies were conducted. Plaintiff contends the City Council relied on no evidence regarding experience, property values, problems or any other matter before enacting the ordinance. However, in *City of Renton, supra,* the U.S. Supreme Court held the First Amendment does not require a city, before enacting such a time, place, and manner ordinance, to conduct new studies or produce evidence independent of that already generated by other cities, so long as whatever evidence the city relies upon is reasonably believed to be relevant to the problems that the city addresses. Apparently, Plaintiff is arguing that none of the city's planning staff was involved in the preparation of the ordinance. However,

there is no requirement in *Young* or *Renton* that any particular department of a municipality be exclusively charged with the duty of formulating a zoning ordinance regulating adult entertainment uses. In the instant case, the record clearly shows that in researching and preparing the ordinance, an assistant municipal counselor read and studied numerous ordinances and reports on the regulation of adult entertainment uses as well as the "detailed findings" of the United States Supreme Court in the *Young* decision.

Thus, under *Renton,* the City Council in adopting the ordinance, could rely on the research and legal analysis of its legal department which it may well "reasonably believe to be relevant to the problem" they sought to address, i.e. the adverse secondary effects of adult entertainment uses.

For the reasons stated above, the ordinance is constitutional. AFFIRMED.

BAILEY, C.J., and REYNOLDS, J., concur.