**In re Raymond E. RICHARDS, Debtor.**

**No. 99–44490–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 14, 2000.

Thomas Budzynski, Clinton Township, Michigan, for debtor.

Richard Fellrath, Detroit, Michigan, for creditor.

Opinion

STEVEN W. RHODES, Bankruptcy Judge.

Sheila Solomon, the chapter 7 trustee, filed this motion for turnover of a lawsuit filed by Raymond Richards in Wayne County Circuit Court. Richards filed an objection. On May 15, 2000, the Court conducted a hearing on the motion and, after requesting a stipulation of facts from the parties, took the matter under advisement. For the reasons stated below, the trustee's motion is granted.

## I.

Richards filed his chapter 7 petition on March 18, 1999. On October 20, 1999, Richards was diagnosed with asbestos related injuries stemming from his exposure to asbestos during the period from 1960 through 1974. On February 23, 2000, Richards filed a personal injury lawsuit in Wayne County Circuit Court against his former employer, AP Gun, et al., alleging that during the period 1960 through 1974 Richards was exposed to asbestos as a laborer/sales manager at several job sites for the various defendants.

## II.

The trustee contends that the cause of action is property of the estate because Richards' exposure to asbestos occurred prepetition. The trustee further argues that property of the estate includes contingent rights to bring legal actions. The trustee therefore requests that the Court order Richards to turnover the cause of action.

Richards contends that because the cause of action did not accrue until he was diagnosed with an asbestos related injury postpetition, it is not property of the estate. Richards also asserts that property rights must be determined by state law and because he did not have a claim for relief under state law at the time he filed his petition, his lawsuit is not property of the estate.

## III.

The first issue is determining the proper test for evaluating whether the debtor's claim is property of the estate. Richards argues that property rights are determined by state law and, pursuant to *Larson v. Johns–Manville Sales Corp.*, 427 Mich. 301, 399 N.W.2d 1 (1986), he could not have filed a state law claim prepetition. In *Larson*, the Michigan Supreme Court held that a wrongful death suit premised on asbestosis accrues when the decedent knew or should have known of the asbestosis. *Id.* at 314, 399 N.W.2d 1. Because Richards' claim accrued when he received his diagnosis postpetition, he argues that his claim is not property of the estate.

Under the prior Bankruptcy Act, the Supreme Court stated that the test for determining whether after-acquired property is property of the estate is whether the property is "sufficiently rooted in the pre-bankruptcy past and so little entangled in the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property' under s[ection] 70a(5)." *Segal v. Rochelle*, 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966).

■ The 1978 Bankruptcy Code follows *Segal* to the extent that it includes after acquired property "sufficiently rooted in the pre-bankruptcy past" but eliminates the requirement that it not be entangled in the debtor's ability to make a fresh start. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 82 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5868. *See also Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423, 1425 (9th Cir.1984); *Johnson v. Taxel (In re Johnson)*, 178 B.R. 216, 218 (9th Cir. BAP 1995). Section 541(a)(1), adopted as part of the 1978 Bankruptcy Code, broadly defines property of the estate as all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time." *Ryerson*, 739 F.2d at 1425 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 175–76 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6136). *See also In re Yonikus*, 996 F.2d 866, 869 (7th Cir.1993) ("[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative is within the reach of § 541.").

■ Therefore, the Court must conclude that in determining whether a claim is property of the bankruptcy estate, the test is not the date that the claim accrues under state law, as Richards argues. *See In re Tomaiolo*, 205 B.R. 10, 15 (Bankr. D.Mass.1997) ("[A] debtor's property rights in a cause of action are not confined to rights necessary to form a matured claim."). *See also Field v. Transcon. Ins. Co.*, 219 B.R. 115, 119 n. 9 (E.D.Va.1998), *aff'd*, 173 F.3d 424, 1999 WL 102052 (1999) ("Even when a debtor's claim is grounded in prepetition circumstances, his estate can recover for injury occurring postpetition."). As noted, the appropriate inquiry is whether the claim is "sufficiently rooted in the prebankruptcy past." *Segal*, 382 U.S. at 380, 86 S.Ct. 511.

## IV.

■ The next issue is whether in this case the debtor's asbestos injury claim is sufficiently rooted in the prebankruptcy past that the claim is property of the bankruptcy estate. The Court concludes that it is. All of the allegedly wrongful conduct giving rise to the debtor's claim occurred prepetition, and indeed more than twenty-five years prepetition. Further, although the diagnosis was made seven months after the petition was filed, that timing appears to have been more a result of happenstance than of medical necessity. It appears likely that both the onset of the debtor's disease and a greater portion of its progress occurred before he filed his petition. The debtor's prepetition asbestos exposure led directly and inevitably to

the postpetition accrual of his claim. These facts tip the balance in favor of finding that the debtor's claim for asbestos injuries is property of the estate even though his diagnosis and therefore his legal ability to sue were postpetition.

For these reasons, the trustee's motion for turnover is granted.

IT IS SO ORDERED.