# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2014

Lyle W. Cayce
Clerk

In the Matter of: HEARTHWOOD NORTH I ASSOCIATION,

Debtor

-----------------------------

BDA DESIGN GROUP, INCORPORATED,

Appellant

v.

THE OFFICIAL UNSECURED CREDITORS' COMMITTEE; JAMES W. CUNNINGHAM,

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1568

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11076

BDA Design Group, Inc., ("BDA") appeals the district court's affirmance of the bankruptcy court's decision that casualty loss insurance proceeds that Debtor Hearthwood I North Association ("Hearthwood") received after a fire at its condominium were correctly a part of the bankruptcy estate and its subsequent refusal to lift the automatic stay to permit BDA to pursue state court actions against the Debtor. For the following reasons, we AFFIRM the judgment of the district court.

## FACTS AND PROCEEDINGS

In July 2009, a fire burned through several units in a building at the Hearthwood I North condominiums managed by Debtor Hearthwood. Hearthwood was insured through a casualty loss insurance policy that paid out $1,500,000 to Hearthwood for the damage. Hearthwood's Condominium Declaration states,

> The following provisions shall apply with respect to damage by fire or other causes:
>
> (a) If any one of the Buildings is damaged by fire or other casualty and said damage is limited to a single Unit, all insurance proceeds shall be paid to the Unit Owner or one or more Mortgagees of such Unit, as their respective interests may appear, and such Unit Owner or Mortgagees shall use the same to rebuild or repair such Unit substantially in accordance with the original plans and specifications therefor. If such damage extends to two or more Units, or extends to any part of the Common Elements, such insurance proceeds shall be paid to the Board, as trustee, or to such bank or trust company as may be designated by amendment hereof, to be held in trust for the benefit of the Unit Owners and their Mortgagees as their respective interests may appear. The Board shall thereupon contract to repair or rebuild the damaged portions of all Units, the Building, and the Common Elements substantially in accordance with the original plans and specifications therefore and the funds held in the insurance trust fund shall be used for this purpose.

2

No. 13-11076

Importantly, Hearthwood owned several of the condominium units in the building and had an interest in the common areas.

Hearthwood contracted with BDA to provide architectural services for the damaged building.  BDA alleged that Hearthwood "continually failed and refused to timely tender payment" to the firm, and filed a suit in state court to recover the amount owed.  On August 20, 2012, Hearthwood filed a voluntary petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Texas.

BDA unsuccessfully sought relief from the automatic stay in the bankruptcy court so it could proceed with its state court action.  BDA argued that, based on the language in the Condominium Declaration, the casualty loss insurance proceeds were trust funds, not property of the bankruptcy estate. The bankruptcy court denied BDA's request and held that the proceeds were part of the bankruptcy estate because Hearthwood had a property interest in the proceeds under 11 U.S.C. § 541.

BDA appealed the Bankruptcy Court's denial of relief to the United States District Court for the Northern District of Texas.  The district court affirmed the bankruptcy court's decisions.  The court determined that the estate had an interest in the proceeds, and that the bankruptcy court did not err in declining to lift the automatic stay to allow BDA to continue its state court litigation and pursue enforcement against the proceeds.  BDA appeals.

## STANDARD OF REVIEW

"When reviewing a bankruptcy court's decision in a core proceeding, a district court functions as a appellate court and applies the standard of review generally applied in federal court appeals." *In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d 285, 293 (5th Cir. 2013) (internal quotation marks omitted). "Generally, a bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Id.* at 294. "This

3

No. 13-11076

Court reviews the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *Id.* (internal quotation marks and modifications omitted). A determination of whether the proceeds of an insurance policy are property of the bankruptcy estate is a legal conclusion reviewed de novo, s*ee In re Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993), while a denial of a motion for modification of the automatic stay is reviewed for abuse of discretion, *see In re Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997).

## DISCUSSION

Property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It does not include "any power that the debtor may exercise solely for the benefit of an entity other than the debtor." 11 U.S.C. § 541(b)(1). "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

Neither the bankruptcy court nor the district court erred in holding that the insurance proceeds are property of the estate. All sides concede that Debtor is a trustee of the trust, described in the Condominium Declaration and the Texas Property Code Section 82.111(f), and all sides also concede that Debtor is a beneficiary of that trust as an owner of some of the damaged units and the common areas of the burned building. Because of this, the debtor does not exercise its power "solely for the benefit of an entity other than the debtor" but for itself as well, making Section 541(b)(1) inapplicable.

4

No. 13-11076

BDA argues that the Texas Condominium Act, V.T.C.A., Property Code § 82.111(f)[1] created a statutory trust for the casualty loss insurance proceeds that operated as a "restriction on the transfer of any beneficial interest in the trust created in the [proceeds]," and that this is enforceable nonbankruptcy law under 11 U.S.C. § 541(c)(2).

While Section 82.111(f) states that "proceeds paid under a policy must be disbursed first for the repair or restoration of the damaged common elements and units," there is no claim that this statute creates a spendthrift trust under Texas law, nor is Hearthwood's own beneficial interest subject to the types of restraint on alienation that Section 541(c)(2) contemplates.[2] Nor does the language of the Condominium Declaration alter this analysis. The cases cited by BDA concern situations in which the Debtor held only a legal interest in the proceeds, not one, as here, where the Debtor also was a beneficiary. *See In the Matter of Maple Mortg., Inc.*, 81 F.3d 592 (1996). Section 541(c)(2) is inapplicable in this situation. We agree with the bankruptcy and district courts that the casualty loss insurance proceeds are part of the bankruptcy estate. In light of that conclusion, the bankruptcy court did not abuse its discretion in refusing to lift the automatic stay.

---

[1] Section 82.111(f) states:

The insurance trustee or the association shall hold insurance proceeds in trust for unit owners and lienholders as their interests may appear. Subject to Subsection (i), the proceeds paid under a policy must be disbursed first for the repair or restoration of the damaged common elements and units, and unit owners or lienholders are not entitled to receive payment of any portion of the proceeds unless there is a surplus of proceeds after the property has been completely repaired or restored, or the condominium is terminated.

[2] The interests that are excluded "[t]ypically . . . are those associated with spendthrift trusts or ERISA plans." *In re Walt Robbins, Inc.*, 129 B.R. 452, 455 (Bankr. E.D. Va. 1991) (citing *In re Moore*, 907 F.2d 1476 (4th Cir. 1990). *See also Patterson v. Shumate*, 504 U.S. 753, 760 (1992) (antialienation provision required for ERISA qualification of pension plan constituted enforceable transfer restriction for purposes of Bankruptcy Code).

5

No. 13-11076

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.