*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  14b0006n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   GEORGE C. DAHER, | ) | |
| Debtor. | ) | |
| | ) | |
| WALDEMAR J. WOJCIK, TRUSTEE, | ) | No. 14-8028 |
| Plaintiff-Appellee, | ) | |
| v. | ) | |
| JOHN W. GOLD, et al., | ) | |
| Defendants-Appellants. | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 10-17252, Adv. No. 13-1232

Argued:  October 28, 2014

Decided and Filed:  December 4, 2014

Before:  EMERSON, HUMPHREY, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  John W. Gold, JOHN W. GOLD, LLC, Sandusky, Ohio, for Appellants.  Lauren A. Helbling, Cleveland, Ohio, for Appellee.  **ON BRIEF:**  John W. Gold, JOHN W. GOLD, LLC, Sandusky, Ohio, for Appellants.  Lauren A. Helbling, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

**GUY R. HUMPHREY**, Bankruptcy Appellate Panel Judge. In this appeal, George C. Daher ("Debtor") and John W. Gold, his counsel (sometimes collectively, "Appellants") take issue with the bankruptcy court's decision that certain insurance proceeds are property of the bankruptcy estate. For the reasons stated herein, the Panel concludes that the insurance proceeds constituted property in which Debtor had an interest at the time of filing of the bankruptcy case, and therefore are indeed property of the bankruptcy estate. Therefore, the ruling of the bankruptcy court is affirmed.

## I. ISSUES ON APPEAL

The issues on appeal are: (1) whether the bankruptcy court erred in reopening the bankruptcy estate and allowing the Trustee to file a complaint seeking turnover of the insurance proceeds; (2) whether the insurance proceeds are excluded from property of the estate by 11 U.S.C. § 541(b)(1); and (3) whether the Debtor's interest and claim to the unclaimed insurance proceeds are "sufficiently rooted" in the pre-petition history of this matter to be included as property of the estate.

## II. JURISDICTION AND STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), this Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted). "The concept of 'finality' in the bankruptcy context," however, "should be viewed functionally," with appellate courts enforcing

this threshold requirement "in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Graves*, 483 B.R. 113, 115 (E.D. Mich. 2012) (quoting *Cottrell v. Schilling* (*In re Cottrell*), 876 F.2d 540, 541–42 (6th Cir. 1989) (internal quotation marks and citations omitted)). The Sixth Circuit allows appeals from "an order in a bankruptcy case [that] finally disposes of discrete disputes within the larger case." *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers* (*In re Dow Corning Corp.*), 86 F.3d 482, 488 (6th Cir. 1996) (internal quotation marks, alteration, and citation omitted).

The order determining that the insurance proceeds at issue are property of the estate and granting judgment in favor of the Trustee ended the litigation of this adversary proceeding on its merits and is a final order which may be appealed as of right. "The determination as to whether a debtor's interest in property is property of the bankruptcy estate is a question of federal law. However, state law generally controls the question of whether the debtor has an interest in property." *Booth v. Vaughan* (*In re Booth*), 260 B.R. 281, 285 (B.A.P. 6th Cir. 2001) (citing *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979)). Conclusions of law are reviewed de novo. *See Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir. 1994). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortg. Corp. v. Eubanks* (*In re Eubanks*), 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citation omitted).

Decisions regarding the reopening of a bankruptcy case are left to the sound discretion of the bankruptcy court. "[T]he reviewing court should not set aside the bankruptcy court's decision absent an abuse of discretion." *Smyth v. Edamerica, Inc.* (*In re Smyth*), 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Gourlay v. Sallie Mae, Inc.* (*In re Gourlay*), 465 B.R. 124, 126 (B.A.P. 6th Cir. 2012) (quoting *Wietschner v. Ortino* (*In re Ferro Corp. Derivative Litig.*), 511 F.3d 611, 623 (6th Cir. 2008)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of

discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

## III.  FACTS

The parties submitted a joint stipulation of facts to the bankruptcy court.[1]

1.      George C. Daher ("Daher") became the owner of the property located at 20602 Clare Ave., Maple Hts., Ohio (the "Property") on August 16, 2004.

2.      He executed a Note and Mortgage on the Property in September 2004.

3.      Community First Bank was the lender and holder of two notes and mortgages, in the amounts of $90,000.00 and $25,000.00 respectively.

4.      There is no record that either security instrument was ever assigned to Aurora, Wells Fargo, N.A. dba America's Servicing company.

5.      On April 6, 2006, Aurora Loan Services ("Aurora"), as purported holder of the note and first mortgage, filed a foreclosure suit against Daher relative to the Property.  The foreclosure suit is Cuyahoga County Common Pleas Court Case No. CV-06-588641. The named defendants are George Daher, Jane Doe, unknown spouse of George Daher, and Mortgage Electronic Registration Systems, Inc.  Aurora failed to name Wells Fargo, N.A., dba America's Servicing Company as a Defendant to the foreclosure action even though they purportedly held the second mortgage on the property.  No answers were filed.

6.      Real Time Resolutions, Inc. is the purported assignee of the debt associated with the second mortgage.

---

[1]  On appeal, neither party has argued that the bankruptcy court made erroneous factual findings, although Appellant does assert that the Trustee did not carry his burden of proof that the proceeds are property of the estate.

7.     On January 10, 2007 judgment was entered in favor of Aurora in the amount of $88,858.44 in the foreclosure suit.

8.     On or about March of 2007, Daher discovered damage to the Property.  He submitted a claim to Farmers Insurance Company in the amount of $51,022.37 for losses to both real and personal property.

9.     In March 2007 the insurance check was issued.  The check was made payable to three parties: Daher; Aurora and Wells Fargo, N.A. dba America's Servicing Company.

10.     Daher claims to have performed the repairs on or about March of 2007.

11.     In March 2007 Daher signed the back of the check and sent it to Aurora via regular U.S. mail per Aurora's instructions.

12.     On or about April 23, 2007 the Property was sold at Sheriff's sale to Aurora, who purportedly was the first lien-holder on the property.

13.     On or about May 17, 2007 the Sheriff's sale was confirmed.

14.     August 31, 2007 Daher filed a chapter 13 bankruptcy case, pro se, Case No. 07-16610-pmc.  Daher did not file any schedules. Daher filed a motion to voluntarily dismiss the case on September 24, 2007.  One claim was filed relative the Property.  The creditor identified itself as "Aurora Loan /ASC c/o Real Time Resolutions, Inc." and filed an unsecured claim in the amount of $29,961.89.

15.     On July 24, 2010, this chapter 7 bankruptcy case was filed. Daher did not make any disclosure regarding the insurance claim from 2007.

16.     When Daher filed this case, he did not have possession of the insurance check and did not know that the check had not been cashed.

17.     The insurance check was not cashed by Daher, Aurora or anyone else.

18.     In March 2012 Daher first became aware that the funds were being held by the Ohio Div. of unclaimed funds.

19.     The State of Ohio's Division of Unclaimed Funds would not release the funds to Daher unless Aurora and another entity known then as ASC relinquished claims to the funds as payees.

20.     On July 6, 2012, Daher filed a lawsuit against Aurora, etc., captioned Daher v. Aurora Loan Services LLC, Wells Fargo Bank, N.A. dba America's Servicing Company and Real Time Resolutions, Inc.

21.     The counts in that lawsuit are for declaratory judgment that Daher has the sole claim to the Funds, for breach of contract and for violation of the Fair Debt Collection Practices Act.

Joint Stipulations, *Wojcik v. Gold*, No. 13-1232 (Bankr. N.D. Ohio Feb. 26, 2014), ECF No. 15.

On May 24, 2013, the bankruptcy court entered an order reopening the Debtor's bankruptcy case. The Debtor asserts that the bankruptcy case was reopened for the limited purpose of allowing the Trustee to represent the bankruptcy estate's interest in the state court proceedings.

The Trustee did not file any pleadings, nor otherwise take any action to assert any interest in the proceeds in the state court action. On August 8, 2013, the state court entered summary judgment in favor of the Debtor. The state court ruled that the Debtor was entitled to all of the proceeds. The Debtor obtained the funds and deposited them in attorney Gold's IOLTA account pursuant to an agreed order entered on September 9, 2013. This agreed order also provided that the bankruptcy court would determine to what extent the funds were property of the estate.

On October 9, 2013, the Trustee filed a complaint against both the Debtor and his attorney ("Appellants") for turnover of the insurance proceeds. Appellants moved to dismiss the complaint on the basis that the Chapter 7 case had not been reopened for that purpose. The bankruptcy court denied Appellants' motion to dismiss on December 5, 2013.

On April 20, 2014, the bankruptcy court held that the insurance proceeds are property of the bankruptcy estate. Appellants timely filed this appeal.

## IV. DISCUSSION

The primary issue before the bankruptcy court was whether the insurance proceeds awarded to the Debtor in the state court action are property of the bankruptcy estate. In considering this question the bankruptcy court recognized that the answer "depends on what interest the debtor had in the insurance proceeds and when any such interest arose." Mem. Op. at 7, *Wojcik v. Gold*, No. 13-1232 (Bankr. N.D. Ohio April 18, 2014), ECF No. 23. The bankruptcy court held that the insurance proceeds are estate property because the debtor's interest in them arose from the pre-bankruptcy events. On appeal, Appellants argue that the funds are not property of the estate because: (1) the funds are excluded from the estate under Bankruptcy Code § 541(b)(1); and (2) the Debtor's interest is not sufficiently rooted in the pre-bankruptcy period to permit the funds to be included in the bankruptcy estate. Appellants also assert that this issue was not properly before the bankruptcy court because the case was not reopened for this purpose.

### A. The Bankruptcy Court Did Not Err When It Refused to Dismiss the Trustee's Complaint

Pursuant to section 350(b) of the Bankruptcy Code "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010. Section 350 "confers upon the bankruptcy court broad discretion in determining whether to reopen a case and its decision to grant or deny a motion to reopen is binding absent a clear abuse of discretion." *Mead v. Helm*, No. 88–1015, 865 F. 2d 1268, 1989 WL 292, at *3 (6th Cir. Jan. 4, 1989) (table) (citing *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540–41 (6th Cir. 1985)).

Reopening a bankruptcy case to administer an asset may only occur when there are assets that are not known to the trustee at the time the case was closed. *Collier on Bankruptcy*, ¶ 350.03[1] (16th ed. rev. 2012). Section 554 addresses this point and states in relevant part that:

> (c) . . . *[A]ny property scheduled* under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

> (d) . . . [P]roperty of the estate that is not abandoned under this section and that is not administered in the case *remains property of the estate*.

11 U.S.C. § 554 (emphasis added). Therefore, an asset or property of the estate that has been concealed or not scheduled by the debtor will not be deemed to have been abandoned by the trustee and belongs to the bankruptcy estate.

*In re Underhill*, 498 B.R. 170, 178 (B.A.P. 6th Cir. 2013), *rev'd on other grounds* 579 F. App'x 480 (6th Cir. 2014). In the instant case, the parties stipulated that the insurance proceeds were not known to the Debtor nor disclosed in the bankruptcy schedules. Joint Stip. ¶¶ 15 – 16, Case No. 13-1232, ECF No. 15.

Appellants argue that the order reopening the case was only intended to allow the Trustee to intervene in the state court action, and that the bankruptcy court erred in allowing the Trustee to file an adversary proceeding seeking a determination that the proceeds were property of the estate and turnover of the proceeds.

The May 24, 2013, agreed order entered in the bankruptcy case stated:

> That Trustee's Motion demonstrates good cause and should be granted to the limited extent of permitting the Chapter 7 Trustee to represent this Bankruptcy Estate's interest in the State Court proceedings currently pending as Cuyahoga County Common Pleas Court Case No. CV-12-786509, and captioned "George Daher vs. Aurora Loan Services, LLC, et al."

Agreed Order, *In re Daher*, No. 10-17252, (Bankr. N.D. Ohio May 24, 2013), ECF No. 29. Granted, the language "to the limited extent of," from a purely textual analysis, evidences the bankruptcy court's intention to reopen the case only to allow the Trustee to intervene in the state court litigation. However, that argument does not withstand closer scrutiny. Reopening to permit the Trustee to intervene in the state court litigation and not to pursue administration of the insurance proceeds if they were determined by the state court to be the Debtor's property would produce an anomalous result and would serve no bankruptcy purpose. Clearly, the bankruptcy court envisioned the potential administration of the insurance proceeds when the case was reopened to allow the Trustee to intervene in the state court litigation.

The September 9, 2013 agreed order entered into by the parties bears out that contemplation. Through that order the parties resolved several motions, including the Trustee's motion to reopen and the Debtor's motion for sanctions. The September 9, 2013 agreed order contemplates further proceedings for the bankruptcy court to determine whether all or part of the insurance proceeds are property of the bankruptcy estate. The order specifically states that "the parties shall proceed with the appropriate pleadings before the Bankruptcy Court in order to obtain the Bankruptcy Court's determination regarding whether the funds at issue are property of the bankruptcy estate." Agreed Order, *In re Daher*, No. 10-17252, (Bankr. N.D. Ohio Sept. 9, 2013), ECF No. 44.

The plain language of the September 9, 2013 agreed order contemplates further proceedings to resolve the issue of whether the insurance proceeds are property of the estate. The bankruptcy court determined that an adversary proceeding was the appropriate context for such a determination.

Appellants' argument that the bankruptcy court reopened the bankruptcy case for a limited purpose -- solely to allow the Trustee to intervene in the state court litigation -- also improperly accords the act of reopening the bankruptcy case substantive effect when reopening a bankruptcy case is merely a ministerial act. *In re Haralambous*, 257 B.R. 697, 698 (Bankr. D.

Conn. 2001). The "reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of the case." *United States v. Germaine* (*In re Germaine*), 152 B.R. 619, 624 (B.A.P. 9th Cir. 1993) (citations omitted). A bankruptcy case may be reopened to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *Kowalski v. Romano* (*In re Romano*), 59 F. App'x. 709, 711-12 (6th Cir. 2003). The decision to reopen a bankruptcy case is committed to the sound discretion of the bankruptcy court and should not be set aside by a reviewing court absent an abuse of discretion. *Zirnhelt v. Madaj* (*In re Madaj*), 149 F.3d 467, 468 (6th Cir. 1998). *Smyth v. Edamerica, Inc.* (*In re Smyth*), 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012). The bankruptcy court reopened this case to allow the Trustee to intervene in the state court litigation and to pursue administration of the unclaimed funds if the state court determined that the debtor had an interest in those funds. Once the case was reopened, the bankruptcy court was within its discretion to take any other steps which the court deemed appropriate to administer the bankruptcy estate.

Appellants have provided no basis for overturning the order reopening the case. The bankruptcy court's decision is consistent factually with the language in both the May 24, 2013, and September 9, 2013, agreed orders. Moreover, Appellants have not articulated a legal basis for reversal on this issue. Accordingly, the Panel cannot find that the bankruptcy court relied on erroneous facts nor that it misconstrued the law. Therefore, the bankruptcy court did not abuse its discretion in reopening the case nor in refusing to dismiss the Trustee's complaint.

## B.  Section 541(b)(1) Does Not Exclude the Insurance Proceeds From Property of the Estate

Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The purpose of this broad definition is to "bring anything of value that the debtors have into the [bankruptcy] estate." *In re Webb*, BAP No. 11–8016, 2012 WL 2329051, at *11 (B.A.P. 6th Cir. Apr. 9, 2012) (table) (quoting *Lyon v. Eiseman* (*In re Forbes*), 372 B.R. 321, 330 (B.A.P. 6th Cir. 2007)). "Section 541(a) is not restricted by state law concepts such as when a cause of action ripens or a statute of limitations begins to run, and

'property of the estate' may include claims that were inchoate on the petition date." *Winick & Rich, P.C. v. Strada Design Assocs., Inc.* (*In re Strada Design Assocs., Inc.*), 326 B.R. 229, 236 (Bankr. S.D.N.Y. 2005).

> The seminal case discussing the scope of "property of the estate" is the Supreme Court's decision in *Segal v. Rochelle*, 382 U.S. 375, 86 S. Ct. 511, 15 L. Ed. 2d 428 (1966). In *Segal*, the Supreme Court determined that a loss-carryback refund claim is property of the estate because even though the refund could not be claimed from the Government until a future time, it was "sufficiently rooted in the pre-bankruptcy past" that it should be regarded as property of the bankruptcy estate. *Segal*, 382 U.S. at 379, 86 S. Ct. at 515. Since *Segal* was decided, courts have consistently held that causes of action that are sufficiently rooted in the debtor's pre-bankruptcy conduct are property of the estate under § 541. See *Mueller v. Hall* (*In re Parker*), No. 06–8053, 2007 WL 1376081, at *7 (6th Cir. BAP May 10, 2007) (table) (holding that a malpractice claim, that the debtor listed in the schedules and caused debtor to file for bankruptcy is property of the estate); *In re Richards*, 249 B.R. 859, 861 (Bankr. E.D. Mich. 2000) (debtor's asbestos injury claim is property of the estate where all allegedly wrongful conduct that gave rise to the claim occurred prepetition).

*In re Underhill*, 498 B.R. 170, 176-77 (B.A.P. 6th Cir. 2013) (footnote omitted), *rev'd on other grounds* 579 F. App'x 480 (6th Cir. 2014).

> Property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It does not include "any power that the debtor may exercise solely for the benefit of an entity other than the debtor." 11 U.S.C. § 541(b)(1). "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

*BDA Design Grp., Inc. v. Official Unsecured Creditors Comm.* (*In re Hearthwood N. I Ass'n*), 576 F. App'x 369, 371 (5th Cir. 2014).

Appellants argue that because at the time the Debtor initially received the insurance check, he was required to turn it over to the mortgagees, the only power he had was "solely for the benefit of an entity other than the debtor."

Appellants' argument fails to recognize the broad definition of property of the estate, which includes all legal and equitable interests of the debtor in property at the commencement of the case. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S. Ct. 2309, 2313-14 (1983) ("§ 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. See H.R. Rep. No. 95-595, p. 367 (1977). Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.")(footnote omitted). *See also Johnston v. Hazlett* (*In re Johnston*), 209 F.3d 611 (6th Cir. 2000); *Lyon v. Eiseman* (*In re Forbes*), 372 B.R. 321 (B.A.P. 6th Cir. 2007); *Azbill v. Kendrick* (*In re Azbill*), 385 B.R. 799, 2008 WL 647407 (B.A.P. 6th Cir. 2008) (table).

Appellants admitted that the Debtor owned the insurance policy and that the mortgage companies were simply loss payees. The Debtor's contractual obligation to pay the proceeds of the insurance policy to the mortgage company does not negate his interest in the funds. The bankruptcy court correctly determined that the Debtor had a vested interest in the insurance proceeds starting in 2007 and going through 2010. If the Debtor had not had a vested interest in the proceeds in 2010, then the state court would not have had a basis to award him the proceeds in 2013. Accordingly, the bankruptcy court correctly found that the Debtor had an interest in the proceeds at the time the case was commenced, beyond just the power of endorsement that the Debtor claims.[2]

Moreover, Appellants fail to recognize the general purpose of § 541(b)(1).

Section 541(b) is derived from § 70a(3) of the former bankruptcy act. The latter provided that the trustee was vested "with powers which he [the bankrupt] might have exercised for his own benefit, but not those which he might have exercised solely for some other persons." 5 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 541.19, at 541–93 (15th ed. rev. 2004).

---

[2] Appellants' argument also misconstrues the nature of unclaimed funds under Ohio law. As the bankruptcy court determined, unclaimed funds "remain the property of the original owner under Ohio's Unclaimed Funds Act." Mem. Op at 10, *Wojcik v. Gold*, No. 13-1232 (Bankr. N.D. Ohio, April 18, 2014), ECF No. 23 (citing *Sogg v. Zurz*, 905 N.E.2d 187, 191 (Ohio 2009)).

*Buchwald v. Di Lido Beach Resort, Ltd.* (*In re McCann, Inc.*), 318 B.R. 276, 286 (Bankr. S.D.N.Y. 2004). "Section 541(b)(1) excludes from the estate any power that the debtor may exercise 'solely for the benefit of an entity other than the debtor.' This indicates that if the power in question may be exercised for the benefit of another entity, but is capable of conferring benefit on the debtor also, it becomes property of the estate." *Yellin v. Gilroy* (*In re Gilroy*), 235 B.R. 512, 518 n.2 (Bankr. D. Mass. 1999) (citing 5 Lawrence P. King et al., *Collier on Bankruptcy*, ¶ 541.19 (15th ed. 1998)). For example, the Fifth Circuit Court of Appeals held:

> Neither the bankruptcy court nor the district court erred in holding that the insurance proceeds are property of the estate. All sides concede that Debtor is a trustee of the trust, described in the Condominium Declaration and the Texas Property Code Section 82.111(f), and all sides also concede that Debtor is a beneficiary of that trust as an owner of some of the damaged units and the common areas of the burned building. Because of this, the debtor does not exercise its power "solely for the benefit of an entity other than the debtor" but for itself as well, making Section 541(b)(1) inapplicable.

*In re Hearthwood N. I Ass'n*, 576 F. App'x 369, 371-72 (5th Cir. 2014).

Appellants' argument that the powers excluded by §541(b)(1) include a factual scenario such as this case, where a debtor owns an insurance policy but is contractually required to endorse the check over to a mortgagee as a loss payee, is a misreading of the section. It completely ignores that the Debtor is a beneficiary of the insurance proceeds whether he receives the funds directly or they are used to reduce his liability on the mortgage.[3] The bankruptcy court correctly ruled that the proceeds are not excluded from the estate by § 541(b)(1).

---

[3] Appellants cite *In re Ivory*, 32 B.R. 788 (Bankr. D. Or. 1983) for the proposition that insurance proceeds which are made payable to the debtor and the mortgagee covering the loss of destroyed property are not property of the estate when the insurance contract requires the proceeds to be paid over to the mortgagee. *Ivory* is not binding precedent, and interprets Oregon property law in a chapter 13 context. Accordingly, the Panel does not find it persuasive.

### C.  Debtor's Interest and Claim to the Insurance Proceeds is Sufficiently Rooted in the "Pre-Petition History" that it is Property of the Estate

Appellants' argument that the Debtor's claim to the insurance proceeds is not sufficiently rooted in the pre-petition history is very similar to its argument under § 541(b)(1).  Appellants argue that the Debtor's claim to the insurance proceeds did not arise until 2013 when Aurora and the Debtor settled their claims against one another, thereby satisfying his debt to Aurora.  Appellants assert that even though the underlying insurance claim was pre-petition, the Debtor did not have an interest in the proceeds until 2013 when the state court awarded them to him.

In *In re Underhill*, 579 F. App'x 480 (6th Cir. 2014), the Sixth Circuit Court of Appeals held that the proceeds of a judgment for "tortious interference with business" was not sufficiently rooted in the pre-petition history of the case to become property of the estate because "a cause of action qualifies as bankruptcy estate property only if the claimant suffered a pre-petition injury" and "the record lacks evidence of a pre-petition violation or injury."  *Id*. at 482.  The majority specifically held "[t]he parties had the opportunity to document [the] alleged misconduct, and the pre-petition price complaints identified by the parties fall well short of intentional procurement of breach-of-contract."  *Id*. at 483.

The present case is factually different from *Underhill*.  The evidence, through the parties' stipulations, establishes that the insurance proceeds arose from property damage that occurred pre-petition.  The claim itself was initially paid pre-petition, with the Debtor receiving a multi-party check from the insurance company, which he signed pre-petition.  Although the proceeds were not ultimately paid to the Debtor until post-petition state court litigation finalized his claim to the proceeds, his interest in the proceeds arose pre-petition and is sufficiently rooted in the pre-petition past to justify finding that the proceeds are property of the estate.  The state court litigation did not create the Debtor's interest in the proceeds, but rather, resulted in a determination that the foreclosure eliminated Aurora's competing interest in the proceeds, thereby leaving only the Debtor's interest in the proceeds.

## V. CONCLUSION

The bankruptcy court's order and opinion determining that the insurance proceeds are property of the estate and ordering turnover of the proceeds to the Trustee is AFFIRMED. The Debtor's interest in the insurance proceeds is sufficiently rooted in the pre-petition history of the case and is not excluded under § 541(b)(1).[4]

---

[4] Appellants' brief contains hints and tones of preclusion arguments without actually making any such arguments. For example, Appellants' reply brief states "Appellee had two and a half months to intervene in [the state court case] but instead he sat on his laurels and did nothing[.]" (Reply Br. at 3). The brief does not contain any preclusion terms such as res judicata, collateral estoppel, claim preclusion, issue preclusion, judicial estoppel or law of the case. Accordingly, this issue is waived on appeal. *See Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("Arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998), and issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)."). *See also General Motors Acceptance Corp. (In re Cline)*, 431 B.R. 307, 2010 WL 22334, at \*5 (B.A.P. 6th Cir. 2010) (table) ("The Appellant is represented by counsel before this Panel and is not entitled to the latitude afforded pro se litigants. '[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.' " (citations omitted)). Furthermore, the September 9, 2013 agreed order specifically provided for the bankruptcy court's determination of the property of the estate issue, an issue undisputedly within the jurisdiction of the bankruptcy court. *See Tort Claimants Comm. v. Roman Catholic Archbishop (In re Roman Catholic Archbishop),* 335 B.R. 842, 851 (Bankr. D. Or. 2005) (Bankruptcy court has jurisdiction to determine whether property for which debtor holds legal title but claims not to hold equitable title is property of the estate.).